SAVOIE, Judge.
Plaintiff appeals the dismissal of a preliminary injunction which asks that defendants be prohibited from denying plaintiff “a complete and adequate medical examination by specialists at Charity Hospital in New Orleans, Louisiana.”
On November 29, 1982, plaintiff slipped and fell while exiting a shower at Angola Penitentiary. He was treated that day at the penitentiary medical facility and given a “no duty status” for one day. Subsequently, no medical treatment, therapy or medication has been given. Plaintiff filed suit, asking that a preliminary and permanent injunction be issued prohibiting defendants from denying plaintiff “a complete and adequate medical examination by specialists at Charity Hospital in New Orleans, Louisiana.” He further demanded that a declaratory judgment be given stating that defendants’ acts and policies, as enumerated in his petition, were violative of his constitutional rights. Finally, plaintiff asked for compensatory and punitive damages in the amount of One million and no/100 ($1,000,000.00) Dollars each.
A hearing was had before Commissioner Norbert C. Rayford on the issue of the preliminary injunction. After such hearing, the commissioner found that the plaintiff had failed to carry his burden of proof (i.e., failed to establish irreparable injury). As such, he denied plaintiff’s request for a preliminary injunction. In his report, the commissioner noted that he had committed a faux pas in that he realized after he had denied the plaintiff’s motion for a preliminary injunction, that he had no authority to decide injunctive issues. Consequently, he ordered the defendants’ motion for a directed verdict rescinded and made his recommendations to the trial court. Based upon *908 the commissioner’s recommendations, the trial court rescinded the commissioner’s directed verdict and de novo, granted a directed verdict for the defendants, thus dismissing plaintiff's request for a preliminary injunction.
Plaintiff assigns as error the commissioner’s: (1) decision or recommendation on the injunctive issue to the trial court as he had no such authority, and (2) finding that no irreparable injury would accrue if an injunction or a full and complete examination were not granted.
L.S.A.-R.S. 13:713 [1] provides in part that a commissioner may be designated to conduct hearings, including evidentiary hearings, and to submit to the trial court, proposed findings of fact and recommendations for the disposition of any matter or motion pending before the court. This power to conduct hearings has also been extended to motions for injunctive relief. Bordelon v. Louisiana Department of Corrections, 398 So.2d 1103 (La.1981). As such, we find plaintiffs first assignment of error to be totally without merit.
Plaintiff secondly contends that the commissioner erred in deciding irreparable injury would not accrue if an injunction for a complete and full physical was not granted to the plaintiff. He cites L.S. A.-C.C.P. art. 1493[2] and L.S.A.-R.S. *909 15:831[3] as giving him a right to have a complete and full medical examination. Such logic is unfounded. First, L.S.A.-C. C.P. art. 1493 provides that the court may order a litigant to submit to a physical or mental examination by a physician. Further, the trial court is afforded great discretion in granting such physical examination of a litigant and in setting the guidelines therefor. Walker v. Marcev, 427 So.2d 678 (La.App. 4th Cir.), writ denied, 433 So.2d 182 (La.1983). Here, we find that the trial court did not abuse its discretion in refusing to require a physical examination. Secondly, L.S.A.-C.C.P. art. 1493 is a discovery article. Plaintiff has failed to cite nor have we found any jurisprudence which requires a court to mandate a physical examination of the plaintiff upon motion of the plaintiff. Such is not the law in Louisiana. Accordingly, we find L.S.A.C.C.P. art. 1493 to be inapplicable in the instant matter.
While L.S.A.-R.S. 15:831 requires the state to provide competent medical attention, the trial court did not find the evidence substantiated that the medical attention in this instance was inadequate. Great weight is to be given the trier of fact’s findings and will be overturned only if manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find the record fails to substantiate the rendering of inadequate medical attention. Accordingly, plaintiffs assignment of error is without merit.
For the above and foregoing reasons, judgment of the trial court is affirmed.
AFFIRMED.

. "A. Commissioners of the Nineteenth Judicial District Court shall perform such duties as are assigned to them by the chief judge of the district in accordance with rules which shall be prescribed by the elected judges of the court, not inconsistent herewith or with the constitution and laws of the state. Such duties shall include but shall not be limited to, hearing and recommendation of disposition of criminal and civil proceedings arising out of the incarceration of state prisoners.
"B. Over matters pending in the Nineteenth Judicial District Court, commissioners shall have all powers of a district judge not inconsistent with the rules of the court and their assigned duties, except the adjudicatory power, including but not limited to the powers to administer oaths and affirmations, take acknowledgments, affidavits, and depositions, fix bails, and issue search and arrest warrants.
"C. In furtherance of the above, a commissioner may be designated and assigned to hear and determine any pretrial matter pending before the court, except motions for injunctive relief and temporary restraining orders in civil matters and preliminary hearings, motions for discovery, motions to suppress, and motions to quash in criminal matters, or any motion or exception which adjudicates any question of law or fact with regard to that matter. A commissioner may be designated to conduct hearings, including evidentiary hearings, and to submit to the judge of the appropriate division, proposed findings of fact and recommendations for the disposition thereof of any matter or motion pending before the court, or any application for post trial relief made therein. In such cases, the commissioner shall file his proposed findings and recommendations with the court, and a copy shall forthwith be mailed, postage prepaid, to all parties or their counsel of record. Any party, within ten days after transmittal of such copy, may traverse such findings or recommendations in writing in such manner as shall be specified by the rules of the district court. The judge of the appropriate division shall make a de novo determination of any findings or recommendations to which objection is made. The judge may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.
"D. In proceeding before a commissioner, any- act or conduct which, if committed before a judge having authority over the same would constitute contempt of court, whether direct or indirect, shall be a contempt of the district court. Upon the commission of any such act or conduct, the commissioner shall forthwith certify the facts thereof to a judge of the district court. Such judge shall thereupon, and in accordance with law, hear the evidence of the act or conduct complained of and, if such person is adjudicated in contempt, shall punish such person in the same manner and to the same extent as for a contempt committed before a judge of the court, or commit such person upon the conditions applicable in the case of defiance of process of the district court or misconduct in the presence of a judge in the court."

. "In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending or in which the judgment was originally rendered may order him to submit to a physical or mental examination by a physician, except as otherwise provided by law. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

. "The director of corrections shall establish and shall prescribe standards for health, medical, and dental services for each institution, including preventive, diagnostic, and therapeutic measures on both an outpatient and a hospital basis, for all types of patients. An inmate may be taken to a medical facility outside the institution when deemed necessary by the director.”